988 F.2d 131
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
STANDARD HAVENS, INC. and Standard Havens Products, Inc.,
Plaintiffs-Appellants,
v.
Douglas B. COMER, Acting Commissioner of Patents and
Trademarks, Defendant-Appellee,
and
Gencor Industries, Inc., Defendant-Appellee/Intervenor.
 Nos. 93-1036, 93-1037.
 United States Court of Appeals, Federal Circuit.
 Jan. 15, 1993.
 
 DISMISSED.
 Before ARCHER, MICHEL and PLAGER, Circuit Judges.
 ON MOTION
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 Gencor Industries, Inc. (Gencor) moves to dismiss Standard Havens, Inc. et al.'s (Standard Havens) appeals for lack of jurisdiction. The Acting Commissioner of Patents and Trademarks consents. Standard Havens opposes.
 
 
 2
 This matter stems from two actions of Standard Havens in the district court: Standard Havens' mandamus/injunctive action seeking to direct the Acting Commissioner to terminate or limit the Patent and Trademark Office's (PTO) then-pending reexamination proceeding and, after the PTO issued its decision, Standard Havens' suit seeking review of the final PTO decision on reexamination. The United States District Court for the District of Columbia consolidated the two actions. On August 14, 1992, the district court, inter alia, granted Gencor's motion for limited intervention in the reexamination suit and denied Standard Havens' motion for a preliminary injunction in the mandamus action. With regard to the mandamus/injunctive action, the district court remarked that the PTO's rejection of the validity of Standard Havens' patent was a final agency action "which moots" Standard Havens' mandamus/injunctive request. "At this juncture, plaintiff must challenge the [PTO's] final action and not those decisions that lead up to it." Standard Havens appealed the grant of Gencor's intervention motion and the denial of the motion for preliminary injunction.
 
 
 3
 Gencor argues that the grant of the intervention motion is a nonappealable interlocutory order and that the preliminary injunction matter is moot in view of the final reexamination proceeding. In response, Standard Havens argues that it may appeal the denial of a preliminary injunction as of right under 28 U.S.C. § 1292(a)(1), (c)(1) and asks that we review the intervention matter as a matter ancillary to the preliminary injunction. Standard Havens also asks that we decide the issues regarding the propriety and scope of the reexamination, issues not yet considered by the district court, in the "interest of the judicial economy, and the economies of the parties."
 
 
 4
 We agree with Gencor that these appeals should be dismissed. As conceded by Standard Havens, the order granting intervention is not appealable. While we could, in our discretion, review the order as an ancillary matter to a matter on appeal, here the "denial" of the preliminary injunction is not appealable either.
 
 
 5
 The district court's "denial" of the underlying action for preliminary injunction was, in substance, the dismissal of the motion as moot. The mandamus/injunctive action sought district court intervention in the then-ongoing reexamination proceeding before the PTO. Now, the PTO has issued a final decision on reexamination. The relief Standard Havens sought is now impossible to grant. Rather, as pointed out by the district court, Standard Havens may argue that the PTO erred during the reexamination only as part of its suit seeking review of the final reexamination decision.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) Gencor's motion to dismiss Standard Havens' appeals is granted.
 
 
 8
 (2) All sides shall bear their own costs.